John T. DeCarlo (SBN 70607)
jdecarlo@deconsel.com
Daniel M. Shanley (SBN 169182)
dshanley@deconsel.com
Desmond C. Lee (SBN 158952)
dlee@deconsel.com
Patrick A. Maher (SBN 246360)
pmaher@deconsel.com
DeCARLO & SHANLEY
A Professional Corporation
533 South Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706
Telephone: (213) 488-4100
Facsimile: (213) 488-4180

Attorneys for Plaintiff/Counterdefendant
CARPENTERS LOCAL UNION 721

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS LOCAL UNION 721, an unincorporated association,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PHIL LIMON, an individual,<br><br>　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 2:17-CV-04426-DSF-MRW<br>[Hon. Dale S. Fischer]<br><br>MEMORANDUM IN SUPPORT OF LOCAL 721'S MOTION TO DISMISS COUNTERCLAIMS<br><br>DATE:　　February 26, 2018<br>TIME:　　1:30 p.m.<br>CRTRM:　7D |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff/Counterdefendant Carpenters Local Union 721 ("Local 721") exercised its First Amendment right to petition the government through this Court to seek to redress the violations of Defendant/Counterclaimant Phil Limon. With his Answer, Limon has filed a Counterclaim against Local 721 (and seeks to add non-parties Southwest Regional Council of Carpenters ("SWRCC") and United Brotherhood of Carpenters and Joiners of America ("UBC")).

Limon makes no allegation of any illegal action taken by Local 721 against him with the exception of one—filing this lawsuit. The *Noerr–Pennington* doctrine immunizes Local 721 from liability for filing the lawsuit, so long as the lawsuit is not a sham. The *Noerr–Pennington* doctrine is the "principle that the First Amendment shields from liability…companies that join together to lobby the government." *Black's Law Dictionary* 1073 (8th ed. 2004). Lobbying the government includes filing a lawsuit. *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 30 L. Ed. 2d 642, 92 S. Ct. 609 (1972).

Limon has allegations of wrongdoing by non-parties SWRCC and the UBC.[1] However, he fails to have any allegations whatsoever against Local 721 beyond the maintenance of the lawsuit. This Court has already shown that Local 721's suit is not a sham when it rejected his motion to dismiss. Limon's bald attempt to use this Court to retaliate against Local 721 for nothing more than the exercise of its First Amendment rights mandates dismissal of his Counterclaim.

## II. STATEMENT OF PLED FACTS

The basis of Limon's Counterclaims is that he was "wronged" when Local 721 filed this action against him for his alleged breaches of 29 U.S.C. § 501. The Counterclaims are replete with allegations relating to this fact.

---

[1] These allegations duplicate Limon's Counterclaims in No. 2:17-cv-06582-DSF-MRW.

Limon summarizes the action. Def.'s Counterclaim at ¶¶ 3–7, ECF No. 27.[2] "This Counterclaim alleges that all the claims being asserted by Local 721 are baseless and without merit, maintained in bad faith and brought to harass and retaliate against Limon…." *Id.* at ¶ 8. "Local 721 has brought the Complaint, First Amended Complaint, Second Amended Complaint and this action as a whole against Limon to punish him and retaliate against him…." *Id.* at ¶ 65. "The Complaint, First Amended Complaint, Second Amended Complaint and this action as a whole are baseless and without merit." *Id.* at ¶ 66. "The claim in the initial complaint that Limon caused Local 1553 injury because of the settlement rule was baseless…." *Id.* at ¶ 66(a). "The claim that Limon had disclosed privileged information is baseless…." *Id.* at ¶ 66(b). "The claim that Limon had retained or failed to return Local 1553's property is baseless…." *Id.* at ¶ 66(c).

"Limon has and will suffer financial harm because Local 721 has brought this action, including the costs and expenses incurred in defending against the claims alleged in this case and action." *Id.* at ¶ 71. "In bringing this action against Limon, Local 721 has acted with malice and ill will towards Limon, to vex him, and to punish him for exercising rights under the LMRDA." *Id.* at ¶¶ 72, 82, & 92. "Limon has and will suffer financial harm because of this action, including the costs and expenses incurred in defending against the claims alleged." *Id.* at ¶¶ 81 & 91. "Limon is informed and believes, and thereon alleges: (a) Local 721 is pursuing this action at the instigation of the SWRCC and UBC and that the SWRCC or UBC is funding this action. (b) But for the instigation and funding by the SWRCC and/or UBC, Local 721 would not have instituted or pursued this action. (c) The SWRCC and UBC are aiding and abetting Local 721 instituting and pursuing this action…." *Id.* at ¶ 73. "Because EAST Local 1553 has not been lawfully dissolved, Local 721 has no standing to assert rights belonging to Local 1553 or to bring, institute or maintain this action as a purported successor to Local 1553." *Id.* at 80 & 90.

---

[2] All references are to the Defendant's Counterclaims beginning on page 21 and not to his Answer unless explicitly noted.

Limon alleges injury because he was sued in each of his three causes of action — "Section 101(a)(2) and (4), LMRDA" (*see id.* at ¶ 60, 65–66, & 71–73); "Sections 101(a)(5) and 609, LMRDA – Dissolution of Local 1553" (*see id.* at ¶ 74 & 80–82); and "California Law – Violation of Fair Procedures – Unlawful dissolution of Local 1553" (*see id.* at ¶ 83 & 90–92).

Limon alleges that the only action of Local 721 causing him harm is bringing suit. *Id.* at ¶ 3–5, 65–66, & 71–73. He further complains that when his attorney wrote concerning a motion to dismiss (*id.* at ¶ 6), the amended pleadings were part of the harm. *Id.* at ¶¶ 7–8.

Conversely, Limon alleges that he was "harmed" by either the UBC or SWRCC through: his expulsion from the UBC (*id.* at ¶ 13 & 67–70), the UBC's and SWRCC's vague alleged perceived "opposition" to Limon's actions in 2010 (*id.* at ¶ 27 & 65), the SWRCC's investigation of Limon's unfair labor practice (*id.* at ¶¶ 35, 62, & 65), charges filed by a UBC District Vice President (*id.* at ¶¶ 37, 39–40, & 63), the UBC's trial of Limon (*id.* at ¶¶ 43–48, 65, & 70), the UBC Trial Committee's verdict (*id.* at ¶ 49), the UBC's termination of Dan O'Donnell (*id.* at ¶ 50 & 65), Limon's appeals to the UBC (*id.* at ¶¶ 51–53 & 63), the UBC's decision to dissolve Local 1553 (*id.* at ¶¶ 54–59, 75–79, & 84–89); and the UBC and SWRCC "funding" this action (*id.* at ¶ 73).

Limon alleges nothing about Local 721 violating the LMRDA or California law. He asks for a declaration that Local 721 cannot sue in this matter. *Id.* at 43–44 & 45=46. This is duplicative of his affirmative defenses. *See id.* at ¶¶ 43–47 of Answer. He seeks "damages incurred by Limon arising from this action, including expenses and costs of defense, and for punitive damages." *Id.* at 44 & 46. Yet, he seeks no relief as Local 721 for anything beyond defending this lawsuit except for a vague "award of damages" against it, the SWRCC, and the UBC for alleged violations of the LMRDA. *Id.* at 42. Limon never alleges that Local 721 has violated the LMRDA.

/ / /

/ / /

## III. ARGUMENT

### A. Standard on a Fed. R. Civ. P. 12(b)(6) Motion.

A party may assert the defense of "failure to state a claim upon which relief can be granted" by motion. Fed. R. Civ. P. 12(b)(6). The Court has already set forth the standard for a Fed. R. Civ. P. 12(b)(6) motion. *See* Order Denying Def.'s Mot. Dismiss 2d Am. Compl. 2–3, ECF No. 26.

Fed. R. Civ. P. 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. Although factual allegations are presumed true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quotes omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation and quotes omitted). A complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 19555, 167 L. Ed. 2d 929 (2007). This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Limon's Counterclaim Unlawfully Infringes on Local 721's First Amendment Rights

#### 1. Noerr–Pennington *Doctrine in General*

"Congress shall make no law…abridging…the right of the people…to petition the government for a redress of grievances." U.S. Const. amend. I. "The Supreme Court has described the right to petition as 'among the most precious of the liberties safeguarded by the Bill of Rights' and 'intimately connected, both in origin and in purpose, with the other First Amendment rights of free speech and free press." *White v. Lee*, 227 F.3d 1214, 1231 (9th Cir. 2000) (quoting *United Mine Workers, Dist. 12 v. Illinois State Bar Ass'n,* 389 U.S. 217, 222, 19 L. Ed. 2d 426, 88 S. Ct. 353 (1967)). "The Court has further established that the right to petition extends to all departments of the government, including the executive department, the legislature, agencies, and the courts." *Id.* (citing

*Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 30 L. Ed. 2d 642, 92 S. Ct. 609 (1972)). "Lawsuits are protected by the doctrine because they are essentially petitions to the courts for redress of grievances." *Theofel v. Farey–Jones*, 341 F.3d 978, 986–87 (9th Cir. 2003) (citing *Cal. Motor Transp. Co.*, 404 U.S. at 510).

The *Noerr–Pennington* doctrine protects petitioners from retaliatory lawsuits arising out of their petitioning activity. Though it originally arose out of two antitrust decisions, *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 81 S. Ct. 523, 5 L. Ed. 2d 464 (1961), and *United Mine Workers v. Pennington*, 381 U.S. 657, 85 S. Ct. 1585 14 L. Ed. 2d 626 (1965), it "is based on and implements the First Amendment right to petition and therefore, with one exception [for sham litigation], applies equally in all contexts." *White*, 227 F.3d at 1231. Thus, while antitrust law was at issue in *Noerr* and *Pennington*, the doctrine protects petitions to courts on all claims. *See, e.g.*, *Or. Natural Res. Council v. Mohla*, 944 F.2d 531, 533–34 (9th Cir. 1991) (citations omitted) (finding defendant's counterclaim for abuse of administrative and judicial process to be barred by *Noerr–Pennington* doctrine).

"The *Noerr–Pennington* doctrine ensures that those who petition the government for redress of grievances remain immune from liability for statutory violations, notwithstanding the fact that their activity might otherwise be proscribed by the statute involved." *White*, 227 F.3d at 1231 (citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56, 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993)).

> *Noerr–Pennington* is a label for a form of First Amendment protection; to say that one does not have *Noerr–Pennington* immunity is to conclude that one's petitioning activity is unprotected by the First Amendment. With respect to petitions brought in the courts, the Supreme Court has held that a lawsuit is unprotected only if it is a "sham" – *i.e.*, "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits."

*Id.* (quoting *Prof'l Real Estate Investors*, 508 U.S. at 60).

        2.      *Noerr–Pennington Defeats Counterclaims Arising out of Petitioning Activity*

In *Or. Natural Res. Council*, 944 F.2d at 532–33, a defendant (Avison) counterclaimed against the plaintiff (ONRC) "alleging abuse of administrative and judicial process and interference with business relations" over ONRC's actions to sue Avison. The District Court dismissed the counterclaim pursuant to the *Noerr–Pennington* doctrine, as the counterclaim failed to meet the heightened pleading standards. *Id.* at 533.

This ruling—dismissing the counterclaim—was upheld on appeal. The Court of Appeals explained its decision:

> Where a claim involves the right to petition governmental bodies under *Noerr–Pennington*, however, we apply a heightened pleading standard. In *Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Board*, 542 F.2d 1076 (9th Cir. 1976), *cert. denied*, 430 U.S. 940, 51 L. Ed. 2d 787, 97 S. Ct. 1571 (1977), we required that the plaintiffs satisfy more than the usual 12(b)(6) standard, holding that "a complaint must include allegations of the specific activities" which bring the defendant's conduct into one of the exceptions to *Noerr–Pennington* protection. *Id.* at 1082. This heightened level of protection accorded petitioning activity is necessary to avoid "a chilling effect on the exercise of this fundamental First Amendment Right." *Id.* Conclusory allegations are not sufficient to strip a defendant's activities of *Noerr–Pennington* protection. [Citation omitted.]

*Id.*

*Or. Natural Res. Council* remains good law to dismiss both complaints and counterclaims. *See, e.g.*, *Hard2Find Accessories, Inc. v. Amazon.com, Inc.*, 691 F. App'x 406, 407 (9th Cir. 2017) (*Noerr–Pennington* foreclosed plaintiff's claims based on petitioning activity); *Moore v. Saniefar*, No. 1:14-cv-01067 DAD SKO, 2016 U.S. Dist. LEXIS 63119 at 18–28 (E.D. Cal. May 12, 2016) (applying *Or. Natural Res. Council* and

*Noerr–Pennington* to dismiss RICO Act counterclaim); *Toyo Tire & Rubber Co. v. CIA Wheel Group*, No. SACV 15-246-JLS (DFMx), 2015 U.S. Dist. LEXIS 98939 at 5–9 (C.D. Cal. July 8, 2015) (dismissing counterclaims of Sherman Act violations and interference under *Noerr–Pennington* doctrine); *Breville Pty Ltd. v. Storebound LLC*, No. 12-cv-01783-JST, 2013 U.S. Dist. LEXIS 58893, at 21–25 (N.D. Cal. Apr. 24, 2013) (dismissing counterclaims for inequitable conduct, antitrust, and unfair competition under *Noerr–Pennington* doctrine); *Meridian Project Sys., Inc. v. Hardin Constr. Co.*, 404 F. Supp. 2d 1214, 1221–22 (E.D. Cal. 2005) (dismissing counterclaims under *Noerr–Pennington* doctrine so far as they were based on the plaintiff's filing of the complaint).

    3. *Limon's Counterclaim Is Subject to* Noerr–Pennington *Immunity*

As shown above, Limon makes no allegations about Local 721 doing anything "wrongful" towards him beyond the filing of the instant lawsuit. The *Noerr–Pennington* doctrine exists for this reason. Local 721 exercised its First Amendment rights and petitioned this Court for relief arising from Limon's actions in stealing its property. Limon's Counterclaim is clear on its face that he has no claim for relief against Local 721 beyond his "damages" due to the filing of this lawsuit.

If defendants are free to counterclaim for punitive damages and costs of defending a lawsuit without something more, every defendant in every lawsuit would be able to file a counterclaim—and misuse the courts to frighten away all would-be plaintiffs. The *Noerr–Pennington* doctrine requires that something more—a heightened standard of pleading demonstrating that the petitioning activity is a sham. This ensures plaintiffs' First Amendment rights, as in the case of Local 721 here. This Limon has not done, and, in light of the Court's ruling rejecting Limon's motion to dismiss, cannot do.

  **C.** **Local 721's Claim Is Not a Sham**

> [T]he Supreme Court rejected the contention that regardless of a lawsuit's objective merit an antitrust defendant can be found liable if the plaintiff showed that it brought the suit for a "predatory motive." Both requirements must be met to establish antitrust liability: "an objectively reasonable effort

>to litigate cannot be sham regardless of subjective intent." Furthermore, proof of a lawsuit's objective baselessness is the "threshold prerequisite": a court may not even consider the defendant's allegedly illegal objective unless it first determines that his lawsuit was objectively baseless."

*White*, 227 F.3d at 1231 (quoting *Prof'l Real Estate Investors*, 508 U.S. at 55–56, 57, & 60–61). Even losing the lawsuit is not enough by itself to show that the suit was objectively baseless and not entitled to protection. *Id.*

In Int'l *Longshore & Warehouse Union v. ICTSI Or., Inc.*, 863 F.3d 1178 (9th Cir. 2017), *petition for cert. filed* (U.S. Nov. 22, 2017) (No. 17-770) (citation omitted), the Court pointed out:

>The burden is on the plaintiff [or counterclaimant] to disprove the challenged lawsuit's legal viability. Only if challenged litigation is objectively meritless may a court proceed to step two to analyze whether the baseless suit was an attempt to directly interfere with the business of a competitor.

*Id.* at 1187–88 (quotes and citations omitted). Because the counter-claimant could not meet its burden of demonstrating that the petitioning activity was a sham, the Court of Appeals affirmed the dismissal of the defendant's counterclaim, as it violated the *Noerr–Pennington* doctrine. *Id.* at 1189.

Here, Limon cannot show that Local 721's complaint is a "sham." The Court has already denied Limon's motion to dismiss the Second Amended Complaint. Order Denying Def.'s Mot. Dismiss 2d Am. Compl., ECF No. 26. The Court has recognized that the continuity between Local 1553 and Local 721 "cannot be resolved definitively at [the pleading] stage." *Id.* at 5. As to wrongful holding of union property and wrongful use of attorney–client-privileged communications, the Court ruled, "Local 721 states a plausible claim for relief." *Id.* at 6.

Moreover, Limon makes only the most conclusory allegations that Local 721's lack any legal merit. Limon made his lengthy arguments in two motions to dismiss (Def.'s Mot. Dismiss 1st Am. Compl., ECF No. 13; Def.'s Mot. Dismiss 2d Am. Compl.,

MEMORANDUM RE MOTION TO DISMISS   8   2:17-CV-04426-DSW-MRW

ECF No. 21). This does not meet the heightened pleading standard to allege that the action is a "sham." *Or. Natural Res. Council*, 944 F.2d at 533.

Accordingly, Limon's Counterclaim is barred by the *Noerr–Pennington* doctrine and must be dismissed.

### D.  Limon Cannot Maintain the Counterclaim Any Further

Not only is Limon's counterclaim barred by the *Noerr–Pennington* doctrine, it is also precluded under the Fed. R. Civ. P. A counterclaim requires it to be asserted against the opposing party. Fed. R. Civ. P. 13(a) & (b). A counterclaim cannot be maintained against only third parties. *See, e.g.*, *Invest-Import v. Seaboard Surety Co.*, 18 F.R.D. 499, 500 (S.D.N.Y. 1955) (no claims against strangers to the litigation if they would give full relief); *Youell v. Grimes*, 23 F.R.D. 503, 508 (D. Kan. 2001) ("The term 'opposing party' refers only to a person or entity that is *already a party* in the action when the counterclaim is asserted."); Beverly Reid O'Connell & Karen L. Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions* § 8:1217 (2017) ("At least one of the parties to the counterclaim must be an opposing party.... Even if there is subject matter relationship, a 'counterclaim' cannot be asserted *solely* against new parties.").

Here, Limon fails to state a claim for relief against Local 721. Stripping away his allegations that Local 721's lawsuit is an actionable wrong by itself, he does not allege that Local 721 violated the LMRDA as to his individual rights in any other way. Limon has no allegation that Local 721 violated his LMRDA rights. Limon fails to allege that Local 721 is responsible in any way for the merger of Local 1553.

Instead, Limon lumps the allegations against the SWRCC and UBC against Local 721 without any action at all by Local 721. The other causes of action involve the reorganization of Local 1553 and Local 721, yet Limon does not have any allegation as to Local 721 violating the LMRDA or California law. Accordingly, Limon has not stated an action against Local 721 and cannot bring his claims against the UBC or SWRCC as a counterclaim because they are not parties to this action. Therefore, Limon's

Counterclaim must be dismissed.

## IV. CONCLUSION

For the forgoing reasons, Limon's counterclaim must be dismissed with prejudice. The *Noerr–Pennington* doctrine immunizes Local 721 for bringing this lawsuit. Limon has not, and cannot, meet the sham exception because the Court already rejected his arguments in denying dismissal. Nor can Limon bring claims against the SWRCC and UBC styled counterclaims without bringing a claim against the "opposing party"—Local 721. As he alleges no violations of law by Local 721 itself (excepting for exercising its right to petition), the Counterclaim fails to state a cause of action and must be dismissed.

DATED: January 22, 2018

DeCARLO & SHANLEY
A Professional Corporation


By: /s/ Patrick A. Maher
Patrick A. Maher
Attorneys for Plaintiff/Counterdefendant
CARPENTERS LOCAL UNION 721