UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | |
|---|---|
| Case No. | CV 17-4426 DSF (MRWx) |
| Date | 2/27/18 |
| Title | Carpenters Local Union 721 v. Phil Limon |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiff's Motion to Dismiss Counterclaims (Dkt. 29)

## I. INTRODUCTION

Plaintiff and Counterdefendant Carpenters Local Union 721 moves to dismiss Phil Limon's Counterclaim. The Motion is GRANTED.

## II. BACKGROUND

Local 721 is an unincorporated voluntary association and labor organization. Dkt. 27 (Countercl.) ¶ 11. Local 721 and the Southwest Regional Council of Carpenters (SWRCC) are subordinate bodies of the United Brotherhood of Carpenters and Joiners of America (UBC). Id. ¶ 12. Defendant and Counterclaimant Phil Limon was an elected officer and an employee of Electronic & Space Technicians Local 1553. Id. ¶ 21. In February 2017, UBC General President Douglas McCarron ordered that Local 1553 be dissolved, its property transferred to the SWRCC, its members and jurisdiction transferred to Local 721, and its charter returned to the UBC. Id. ¶ 54.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

On October 18, 2017, Local 721 filed a Second Amended Complaint seeking injunctive relief for breach of fiduciary duties pursuant to Section 501(a) of the Labor-Management Reporting and Disclosure Act, 72 Stat. 535, 29 U.S.C. § 501(a) (1964). See Dkt. 20 (SAC). Local 721 alleges that since being removed from his officer position, Limon has "retained and refused" to return Local 1553's property and files, including privileged information, and has shared such information with Stephen Griggs and Dan O'Donnell, other former union officials. Id. ¶¶ 24-26.

On January 2, 2018, Limon counterclaimed for violations of Sections 101(a)(2), (4), and (5), and Section 609 of the LMRDA. The first claim generally alleges that Local 721's lawsuit was brought to "punish" Limon for exercising his rights under the LMRDA. Countercl. ¶¶ 60-73. The second and third claims allege the dissolution of Local 1553 was improper. Id. ¶¶ 74-92.

## III. LEGAL STANDARD

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; citation and internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

## IV. DISCUSSION

### A. Noerr-Pennington Doctrine

Local 721 argues the Counterclaim is barred by the Noerr-Pennington doctrine, because it seeks to attach liability to petitioning conduct protected under the First Amendment.

The First Amendment Petition Clause guarantees the right "to petition the Government for a redress of grievances." U.S. CONST. Amend I, cl. 6. The Noerr-Pennington doctrine provides immunity from antitrust, statutory, or tort liability to parties who "engag[e] in conduct (including litigation) aimed at influencing decisionmaking by the government." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1757 (2014); see also Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1006 (9th Cir. 2008) ("The essence of the Noerr–Pennington doctrine is that those who petition any department of the government for redress are immune from statutory liability for their petitioning conduct.").

The Counterclaim appears to be based solely on Local 721's lawsuit. See Dkt. 30 (Opp'n) at 1 ("Limon has filed counterclaims attacking [Local 721's] lawsuit as baseless and abusive litigation, instituted to retaliate and intimidate rather than resolve genuine disputes.").[1] In other words, Limon contends the Counterclaim is not barred because it adequately alleges that Local 721's lawsuit falls within the "sham exception" to the Noerr-Pennington doctrine. In Sosa v. DIRECTV, Inc., 437 F.3d 923, 938 (9th Cir. 2006), the Ninth Circuit confirmed three circumstances in which the sham litigation exception might apply. Limon relies on the first: "where the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful." Id.

A lawsuit is objectively baseless when "no reasonable litigant could realistically expect success on the merits." Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., 508 U.S. 49, 60 (1993). Conversely, a suit has merit "[i]f an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome." Id. For example, a suit is not objectively baseless if it is "arguably warranted by existing law or at the very least [is] based on an objectively good faith argument for the extension,

---

[1] To the extent the Counterclaim may be based on other conduct, it appears to be the conduct of SWRCC or UBC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

modification, or reversal of existing law." Id. at 65 (citing Fed. R. Civ. P. 11). The burden is on "the [party asserting the exception] to disprove the challenged lawsuit's legal viability." Id. at 61. In addition, the party relying on the sham exception must establish that the litigation is objectively baseless before the court considers subjective intent. Prof'l Real Estate Investors, 508 U.S. at 57-61 (holding that "an objectively reasonable effort to litigate cannot be sham regardless of subjective intent").

Limon fails to allege facts sufficient to plausibly show Local 721's litigation activities are objectively baseless. Limon challenges the merits of Local 721's case, arguing no reasonable attorney could believe that Limon violated attorney-client privilege or improperly kept Local 1553 documents, or that Local 721 has standing. But the Court has already rejected Limon's motion to dismiss on these same issues, concluding that it is too early in the litigation to resolve standing and attorney-client privilege issues, and that Local 721's allegations were sufficient to state a claim under the LMRDA. See Dkt. 26 (12/18/2017 Order Denying Limon's Motion to Dismiss). And Limon admits (expressly or impliedly) many of the facts Local 721 relies on in its pleadings; he simply argues his conduct was not wrongful and Local 721's interpretation is incorrect. See, e.g., Answer ¶ 2 and Opp'n at 8-13 (attorney-client privilege issue); Answer ¶ 2 and Opp'n at 16-18 (documents issue); Answer ¶¶ 7-10, 17 (standing issue).

Courts should "not lightly conclude in any Noerr-Pennington case that the litigation in question is objectively baseless, as doing so would leave that action without the ordinary protections afforded by the First Amendment, a result we would reach only with great reluctance." White v. Lee, 227 F.3d 1214, 1232 (9th Cir. 2000). Based on the record before it, including Limon's own admissions, the Court finds Limon has not plausibly alleged that Local 721's suit is not "arguably warranted by existing law." See Prof'l Real Estate Investors, 508 U.S. at 65. Therefore, the Court need not consider Limon's claims of bad faith or subjective intent to harass, etc. Id. at 57-61.

The Court concludes the sham exception does not apply. Count I is DISMISSED.

## B. Failure to State a Claim

Local 721 argues the Counterclaim is precluded under Federal Rules of Civil Procedure 13(a) & (b) because claims not barred by the Noerr-Pennington doctrine (i.e., claims alleging improper dissolution of Local 1553) are against non-parties SWRCC and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### MEMORANDUM

UBC, not Local 721. Limon responds that because Local 721's standing is in question, it is a proper Counterclaim party.[2]

The Court fails to see how Local 721's standing is relevant to the dissolution of Local 1553. If Local 721 has standing, it may properly seek relief against Limon for his alleged improper conduct as a former Local 1553 officer. But it does not follow that Local 721 also would then become a proper Defendant to claims alleging the improper dissolution of Local 1553. As far as the Court can tell from the allegations, Local 721 had no part in Local 1553's dissolution. Indeed, Limon's Counterclaim alleges UBC General President McCarron ordered Local 1553 dissolved, and that the members of Local 1553 (who merged into Local 721) were "blindsided" by the move. See Countercl. ¶¶ 54, 58. Counts II and III, then, fail to state a claim against Local 721.

In any event, Limon has raised these issues in his counterclaim in a related proceeding, Southwest Regional Council Carpenters v. Limon, No. 2:17-cv-06582-DSF-MRW (C.D. Cal.), in which he names UBC as a party. That lawsuit is the more suitable one to determine the propriety of the dissolution.

Counts II and III are DISMISSED.

### V.   CONCLUSION

The Counterclaim is DISMISSED in its entirety.


IT IS SO ORDERED.

---

[2] Limon vaguely alludes to joining UBC and the SWRCC in this action, but has not made a motion asking the Court to do so, nor does he explain why the non-parties are necessary parties or whether it is feasible to order them joined. See Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990) (party seeking joinder bears burden of persuasion).